T. Paul Kane, J.
Defendant moves for an order dismissing the third cause of action of the complaint on the grounds that it fails to state facts sufficient to state a cause of action (CPLR 3211, subd. [a], pax. 7).
It appears that plaintiff was a general contractor on a building in the South Mall at Albany, New York, on or about January 15, 1969. A quantity of propane gas in a 100-pound cylinder allegedly owned by the defendant was sold to a third party who in turn sold the cylinder to the plaintiff for use in the construction work at the South Mall. It is alleged that the cylinder ruptured and emitted a substantial amount of propane gas at the construction site which resulted in a fire and damage to the property of plaintiff.
Three causes of action are pleaded in the complaint: the first is based upon negligence, the second alleges a breach of warranty, and the third cause of action is strict liability. It is noted that the plaintiff has reserved the right to rely upon the doctrine of res ipsa loquitur in the first cause of action.
It is the burden upon the plaintiff to show that it has pleaded a cause of action known to our law in order to prevail upon the motion (Foley v. D’Agostino, 21 A D 2d 60). While the plaintiff has not relied upon any statute or case law in point, it points to a trend in cases holding strict liability in situations *33 involving extremely dangerous and ultrahazardous products or businesses.
■Courts of other jurisdictions such as the State of California have adopted the doctrine of strict liability in gas cases, but the State of New York has only gone as far as extending the doctrine in blasting cases (Spano v. Perini Corp., 25 N Y 2d 11). Other than this example of case law, which I do not consider analogous to the within set of facts insofar as the product and activity are concerned, there is no possibility of a cause of action known to our law being stated. It would seem that the doctrine of res ipsa loquitur is as close to strict liability as permitted under the present state of the law. Accordingly, the motion is granted.